**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF IOWA**

```
IN RE:                              )    CHAPTER 7
                                    )    BANKRUPTCY NO. 04-04116
KEVIN J. HIPPEN                     )
                                    )
     Debtor.                        )
                                    )
_____)_____
                                    )
HABBO G. FOKKENA, U.S. Trustee,     )
                                    )    ADVERSARY NO. 05-9037
     Plaintiff.                     )
                                    )
v.                                  )
                                    )
KEVIN J. HIPPEN                     )
                                    )
     Defendant.                     )
```

**ORDER RE: COMPLAINT OBJECTING TO DISCHARGE**

   This matter came before the undersigned on April 11, 2006, pursuant to assignment.  Attorney Janet Reasoner appeared as Assistant U.S. Trustee.  Debtor Kevin Hippen did not appear. After hearing evidence and argument, the Court took this matter under advisement.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(J).

**STATEMENT OF THE CASE**

   The U.S. Trustee filed this adversary complaint on March 18, 2005 asking the Court to deny Debtor's discharge under § 727(a)(2) and (a)(4).  The U.S. Trustee claims that Debtor attempted to transfer or conceal property and gave a false oath or account.  Debtor filed a response to the Complaint on April 21, 2005 denying the U.S. Trustee's allegations and asking that the discharge be granted.

**FINDINGS OF FACT**

   Mr. Hippen is a pro se debtor who filled out his petition and schedules by hand.  Question one of Debtor's statement of financial affairs lists his income from employment as $14,500.  No other source of income is listed.  Debtor does not list any property transfers under question ten.  Debtor's schedule A does not list any real property.
   The U.S. Trustee claims that Debtor's statement of financial affairs, filed with the petition, was incomplete and inaccurate.  The U.S. Trustee alleges that Debtor omitted land conveyances, sources of

income, and property interests.  The U.S. Trustee further alleges that Debtor lied while under oath when answering questions at the first meeting of creditors on November 29, 2004.

## CONCLUSIONS OF LAW

### Section 727 - Discharge

11 U.S.C. § 727 states

   (a)The court shall grant the debtor a discharge, unless-

      (2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated or concealed

         (A) property of the debtor, within one year before the date of the filing of the petition; or

         (B) property of the estate, after the date of the filing of the petition;

      . . .

      (4)the debtor knowingly and fraudulently, in or in connection with the case -

         (A) made a false oath or account

## ANALYSIS

### Section 727(a)(2)

   Section 727(a) requires that the U.S. Trustee prove the elements of the claim by a preponderance of the evidence. In re Juehring, 332 B.R. 587 (Bankr. N.D. Iowa 2005).  To prevail on a § 727(a)(2)(A) claim, Plaintiff must prove by a preponderance of the evidence that: (1) the act complained of was done within one year prior to the date of petition filing; (2) the act was that of the debtor; (3) it consisted of a transfer, removal, destruction or concealment of the debtor's property; and (4) it was done with an intent to hinder, delay, or defraud either a creditor or an officer of the estate. In re Korte, 262 B.R. 464, 472 (B.A.P. 8th Cir. 2001).

   Debtor filed his Chapter 7 petition on October 21, 2004.  The U.S. Trustee presented evidence to show that Debtor engaged in a transfer of

property within one year prior to the date of filing the petition. Exhibit 11 submitted by the U.S. Trustee indicates that Debtor transferred his interest in 65 acres of land to the Trustee of the Buck Grove II Land Trust on September 23, 2004.  Sheryl Schnittjer, Chapter 7 Trustee, testified that she was hindered, delayed, and defrauded by Debtor's actions.  Debtor did not attend this hearing and presented no evidence to contradict the evidence presented by the U.S. Trustee.

The elements for § 727(a)(2)(B) are substantially the same except that the plaintiff must prove that the debtor transferred or concealed property of the estate after the bankruptcy petition was filed.  In re Stanke, 234 B.R. 449, 456 (Bankr. W.D. Mo. 1999).  The U.S. Trustee did not present any evidence to demonstrate that Debtor transferred or concealed property of the estate after the filing of the petition.

### Section 727(a)(4)(A)

Section 727(a)(4)(A) states that a debtor is entitled to a discharge unless "the debtor knowingly and fraudulently, in or in connection with the case . . . made a false oath or account."  To prove a false oath, the plaintiff must show by a preponderance of the evidence that (1) Debtor made a statement under oath; (2) that statement was false; (3) Debtor knew the statement was false; (4) Debtor made the statement with fraudulent intent; and (5) the statement related materially to Debtor's bankruptcy case.  In re Gehl, 325 B.R. 269, 276 (Bankr. N.D. Iowa 2005).

Debtor was sworn in at the first meeting of creditors on November 29, 2004.  At the meeting, Debtor was asked if he had received any income in the past two years from sources other than from scrapping iron.  Debtor replied that he had not.  (U.S. Trustee Exhibit 2, p. 7). The U.S. Trustee's exhibit 14 contains deposit slips for Debtor's bank account showing that Debtor received money in 2004 for items related to corn stoves, Innovations of Iowa, Wiechman Pig Co., a 1992 Dodge Spirit, and a 1989 Pontiac.  None of this income was reported by Debtor in his bankruptcy petition or during the creditor's meeting.

At the first meeting of creditors, Debtor was asked if he had transferred any property other than in the ordinary course of business in the last year.  Debtor replied that he had not.  (U.S. Trustee Exhibit 2, p. 13).  As stated above, the U.S. Trustee presented evidence that Debtor transferred his interest in 65 acres of property to the Buck Grove II Land Trust on September 23, 2004.

For a false oath to bar a discharge, the false statement must be both material and made with intent.  Mertz v. Rott, 955 F.2d 596, 598 (8th Cir. 1992);  In re Korte, 262 B.R. 464, 474 (B.A.P. 8th Cir. 2001). Intent can be established by circumstantial evidence, and statements

3

made with reckless indifference to the truth are regarded as intentionally false. Id. As a debtor is not likely to admit to fraudulent intent, the debtor's course of conduct and surrounding circumstances may also be considered. Gehl, 325 B.R. at 277.

Again, Debtor was not present at the hearing on April 11, 2006. No evidence was presented to contradict the U.S. Trustee. The deposits were made into Debtor's bank account, and it is unlikely that he was unaware of them. Additionally, Debtor signed the warranty deed on September 23, 2004 which transferred his interest in property to the Buck Grove II Land Trust. Debtor's omission of all sources of income and his denial of transferring property materially impairs the Chapter 7 Trustee's ability to effectively administer the bankruptcy estate. The Court concludes that Debtor's false statements were material and were made with intent.

**WHEREFORE**, the U.S. Trustee has proven the elements of 11 U.S.C. § 727(a)(2) and (a)(4) by a preponderance of the evidence.

**FURTHER**, Plaintiff U.S. Trustee's Objection to Discharge is GRANTED.

Dated and Entered: _____

_____
PAUL J. KILBURG
CHIEF BANKRUPTCY JUDGE

4